**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JOHN PRATT,

    Plaintiff,

                                            Case No. 8:09-mc-31-T-30TBM

v.

HILLSBOROUGH COUNTY JAIL,

    Defendant.
_____/

**ORDER**

      Before the Court is John Pratt's ("Pratt") letter received by the Clerk of the Court on March 24, 2009 (Dkt. 1). Pratt claims he is incarcerated at the Hillsborough County Jail where he has been denied adequate access to the jail's law library. He also requests the Court to send him various legal resources so that he can assist his attorney in defending him in his criminal case. Pratt has failed to file any underlying pleading, complaint, or petition.

      Rule 3, Fed. R. Civ. P., provides that "[a] civil action is commenced by filing a complaint with the court." Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "even in the case of *pro se* litigants . . . leniency does not give a court license to serve as *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR*

*Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). Pratt has not shown any immediate risk of substantial or irreparable harm.

ACCORDINGLY, the Court **ORDERS** that:

1. This action is **DISMISSED** without prejudice.

2. The **Clerk** shall close this case.

3. The **Clerk** is directed to send Pratt two copies of the civil rights complaint form and an Affidavit of Indigency.

**DONE** and **ORDERED** in Tampa, Florida on May 7, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: John Pratt